■ MELISSA McCULLEN, Respondent, v COUNTY OF RENSSELAER et al., Defendants, and DANIEL V. KEATING, Individually and as Sheriff of the County of Rensselaer, et al., Appellants. (Action No. 1.) ROBERT F. HAWK, SR., Individually and as Coadministrator of the Estate of ROBERT F. HAWK, JR., Deceased, et al., Respondents, v TOWN OF BERLIN et al., Defendants, and DANIEL V. KEATING, Individually and as Sheriff of the County of Rensselaer, et al., Appellants. (Action No. 2.) [620 NYS2d 527] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Spain, J.), entered April 6, 1994 in Rensselaer County, which denied motions by defendants Daniel V. Keating and Steven Wohlleber for summary judgment dismissing the complaints against them in action Nos. 1 and 2.

These actions arise from an automobile accident that oc-

curred at approximately 11:15 P.M. on May 23, 1991 when a vehicle driven by Robert La Perle collided with trees adjacent to Southeast Hollow Road in the Town of Berlin, Rensselaer County, killing La Perle and Robert Hawk, Jr. (on whose behalf action No. 2 has been instituted), one of the passengers in the vehicle. The other passenger, plaintiff Melissa McCullen (plaintiff in action No. 1), survived the crash but was seriously injured as a result. McCullen and Hawk's personal representatives seek to recover against defendant Daniel V. Keating, the Rensselaer County Sheriff, and from defendant Steven Wohlleber, a Deputy Sheriff who had begun pursuing the La Perle vehicle immediately prior to the collision. The theory underlying these lawsuits is that the accident was caused by Wohlleber's culpable conduct, for which Keating is vicariously liable. After issue was joined and discovery had, Wohlleber and Keating (hereinafter collectively referred to as defendants) moved for summary judgment. Finding questions of fact with respect to the propriety of Wohlleber's actions, Supreme Court denied the motions and defendants appeal.

There being no evidence that would support a finding that Wohlleber's decision to pursue the La Perle vehicle, or the manner in which he did so, evinced a " 'reckless disregard for the safety of others' " (Saarinen v Kerr, 84 NY2d 494, 499), a reversal is dictated. Given the uncontroverted fact that Wohlleber's speed did not exceed 45 miles per hour during the brief time—less than a minute—that he was actually following La Perle's car, this was not, by any standard, a "high speed chase" as plaintiffs characterize it. Nor is there any merit to plaintiffs' contention that Wohlleber had no reasonable basis for pursuing the La Perle vehicle. The record discloses that Wohlleber began following the car because he believed it was exceeding the speed limit and traveling closely behind, perhaps even "chasing", the car preceding it on a dark and winding two-lane road. In these circumstances, Wohlleber cannot be faulted for proceeding after the vehicle, regardless of whether he did so merely to investigate, as he asserts, or with his emergency lights activated in an attempt to stop the car, as plaintiffs maintain. Even accepting the facts as presented by plaintiffs, it was simply not foreseeable that La Perle would attempt to flee rather than pull over when signaled to do so (see, Simmen v State of New York, 81 AD2d 398, 400, affd 55 NY2d 924).

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs,

motions granted, summary judgment awarded to defendants Steven Wohlleber and Daniel V. Keating and complaints dismissed against said defendants.