■ KAROL WOJTAS et al., Appellants, v INCORPORATED VILLAGE OF ISLANDIA et al., Respondents. [651 NYS2d 262] —Appeal by the plaintiffs from a judgment of the Supreme Court, Suffolk County (Stark, J.), entered August 2, 1995.

Ordered that the judgment is affirmed, with costs, for reasons stated by Justice Stark at the Supreme Court. Sullivan, J. P., Santucci, Krausman and Florio, JJ., concur.

■ CYNTHIA YOUNG, Appellant, v VILLAGE OF LYNBROOK, Respondent. [650 NYS2d 804] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated August 15, 1995, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured as a result of an accident precipitated by a police pursuit of a vehicle. The vehicle had committed a traffic infraction, and accelerated away from the police car after the driver of the police car had turned on its emergency lights and siren and directed the vehicle to pull over. Vehicle and Traffic Law § 1104 (e) precludes the imposition of civil liability for injury to a bystander for a police officer's conduct in pursuing a suspected lawbreaker unless the officer acted in reckless disregard for the safety of others (*see, Saarinen v Kerr*, 84 NY2d 494). We agree with the Supreme Court that there is no evidence that the officer in question acted in reckless disregard for the safety of others, and thus, the defendant was entitled to summary judgment (*see, Saarinen v Kerr, supra*). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.