■ MITCHELL DELEONARDIS, Respondent, v PORT WASHINGTON POLICE DISTRICT et al., Appellants, and INCORPORATED VILLAGE OF PORT WASHINGTON NORTH, Respondent. [655 NYS2d 417] —In an action to recover damages for personal injuries, the defendant Port Washington Police District and the defendants County of Nassau and Nassau County Police Department separately appeal from an order of the Supreme Court, Nassau County (McCarty, J.), entered March 6, 1996, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, without costs or disbursements, the motions are granted, the complaint and all cross claims are dismissed insofar as asserted against the defendants Port Washington Police District, County of Nassau, and Nassau County Police Department, and the action against the remaining defendant is severed.

The Court of Appeals has held that a "police officer's conduct in pursuing a suspected lawbreaker may not form the basis of civil liability to an injured bystander unless the officer acted in reckless disregard for the safety of others" (Saarinen v Kerr, 84 NY2d 494, 501; Vehicle and Traffic Law § 1104 [e]). This standard "requires evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow,' and has done so with conscious indifference to the outcome" (Saarinen v Kerr, supra, at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]).

Contrary to the conclusion reached by the Supreme Court, the submissions of the parties demonstrate, as a matter of law, that the police officers involved in the pursuit of a vehicle operated by Abdul Mannan did not act with reckless disregard for the safety of others. Accordingly, the separate motions of the defendant Port Washington Police District and the defendants County of Nassau and Nassau County Police Department for summary judgment should have been granted (see, Saarinen v Kerr, supra; Young v Village of Lynbrook, 234 AD2d 455; Powell v City of Mount Vernon, 228 AD2d 572).

We have denied costs and disbursements by reason of the co-appellants' failure to consult and file a joint record or appendix on the appeals (cf., 22 NYCRR 670.8 [c] [1]). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.