■ MICHAEL J. WILLIAMS et al., Respondents, v CITY OF NEW YORK et al., Appellants. [659 NYS2d 302] —In an action to recover damages for personal injuries, etc., the defendant City of New York appeals and the defendants Green Bus Line Co., Inc. and Eartha L. Alston separately appeal from a judgment of the Supreme Court, Kings County (Schneier, J.), dated June 15, 1995, which, upon the denial of the motion by the City of New York made at the close of the plaintiffs' case for judgment as a matter of law, is in favor of the plaintiffs and against them in the principal sum of $425,000 ($175,000 for past pain and suffering and $250,000 for future pain and suffering).

Ordered that the judgment is reversed insofar as appealed from by the City of New York, on the law, without costs or disbursements, the City of New York's motion for judgment as a matter of law is granted, and the complaint is dismissed insofar as asserted against the City of New York; and it is further,

Ordered that the judgment is reversed insofar as appealed from by Green Bus Line Co., Inc. and Eartha L. Alston, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiff Michael J. Williams shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict with regard to damages from the sum of $425,000 to the sum of $350,000 ($125,000 for past pain and suffering and $225,000 for future pain and suffering), and to the entry of an amended judgment in the principal sum of $350,000 accordingly. In the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed insofar as appealed from by the defendants Green Bus Line Co., Inc. and Eartha L. Alston, without costs or disbursements.

The plaintiff Michael J. Williams, a police officer, was injured when a passing bus struck the open driver's side door of the triple-parked unmarked patrol car from which he as passenger, and the officer who was driving, had just exited. The impact caused the police vehicle to move and strike Williams, who was standing between the police vehicle and the double-parked car which the police officers were investigating as being stolen. This action was brought pursuant to General Municipal Law § 205-e against the City of New York, the Green Bus Line Co., Inc. and the bus driver, alleging violations of various sections of the Vehicle and Traffic Law.

The trial court should have dismissed the complaint insofar as asserted against the City since, on this record, we find that as a matter of law, the police were engaged in an "emergency operation" and therefore the conduct of the police officer who was driving the police car was privileged (see, Vehicle and Traffic Law §§ 114-b, 1104 [b] [1]; [e]).

An "emergency operation" is defined as "[t]he operation, or parking, of an authorized emergency vehicle, when such vehicle is engaged in * * * pursuing an actual or suspected violator of the law" (Vehicle and Traffic Law § 114-b). Here, Michael J. Williams testified that the police vehicle had used its

portable light and siren to get the suspected stolen car to pull over, and the driver officer testified that he observed the damaged steering column on the other vehicle when he pulled up alongside it. Under these circumstances, it is clear that the police were engaged in an emergency operation, the pursuit of a suspected violator of the law, when they parked and exited their vehicle (*see, e.g., McCullen v County of Rensselaer,* 210 AD2d 779, 780; *People v Emmi,* 146 Misc 2d 399, 403-404). Accordingly, the applicable standard for imposing liability was whether the driver officer acted in reckless disregard for the safety of others (*see,* Vehicle and Traffic Law § 1104 [b] [1]; [e]; *Saarinen v Kerr,* 84 NY2d 494, 501; *Powell v City of Mount Vernon,* 228 AD2d 572). On this record, there is no evidence that the driver officer acted with reckless disregard, that is, had " 'intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' " (*Saarinen v Kerr, supra,* at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]). In light of this conclusion, we need not reach the City's remaining contentions.

The evidence against the bus company and the bus driver, however, was sufficient to establish violations of both Vehicle and Traffic Law §§ 1122 and 1129. Vehicle and Traffic Law § 1129 (a) is violated whenever a driver follows another too closely, and there is no requirement that there be a collision, rear-end or otherwise, between the vehicles (*see, Darmento v Pacific Molasses Co.,* 81 NY2d 985, 988). Nor does it matter whether or not the police vehicle was stopped when the bus sought to pass it (*see, Rebecchi v Whitmore,* 172 AD2d 600). Indeed, a driver's failure to ensure that there is sufficient clearance to pass another vehicle may implicate both Vehicle and Traffic Law §§ 1122 and 1129 (*see, e.g., Pellicano v Lee,* 89 AD2d 995, 996-997; *Mailler v Mayer,* 89 AD2d 784). The contention of the bus company and the bus driver that the verdict sheets were defective because the jury was instructed to return a general verdict even though two separate theories of liability were submitted to the jury is unpreserved for appellate review and we decline to reach it in the exercise of our interest of justice jurisdiction.

Although the court erred in charging the jury with respect to aggravation of a preexisting injury (*see, Ruggiero v Banner Glass & Mirror Corp.,* 232 AD2d 395; *Behan v Data Probe Intl.,* 213 AD2d 439, 440), under the circumstances, the error was harmless.

The damage award, however, was excessive to the extent indicated. Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.