■ Robert McCarthy et al., Appellants, v City of New York et al., Respondents. [673 NYS2d 160] —In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Mastro, J.), dated April 3, 1997, which, upon granting the defendants' motion, made at the close of the evidence, for judgment as a matter of law dismissing the complaint, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for a new trial, with costs to abide the event.

This action arose from a collision between two police vehicles, one a Radio Motor Patrol (hereinafter RMP) driven by the defendant Police Officer Vincent Gericitano and the other an unmarked car driven by the plaintiff Police Officer Robert McCarthy, both of whom were responding to a radio call from the driver of a third police vehicle. Both officers were heading west on Victory Boulevard in Richmond County. Officer Gericitano approached Officer McCarthy from behind as the latter was stopped at a steady red signal at the intersection of Victory Boulevard and Arlene Street. As both vehicles turned left onto Arlene Street, Officer Gericitano's RMP collided with the driver's door of Officer McCarthy's vehicle. Officer McCarthy and his wife commenced this action against Officer Gericitano and the City of New York pursuant to General Municipal Law § 205-e.

At the close of the evidence at trial, the defendants moved for judgment as a matter of law (see, CPLR 4401). The trial court granted the motion, concluding as a matter of law that Officer Gericitano was engaged in an emergency operation such that he could be held liable for his conduct only if he demonstrated reckless disregard for the safety of others (see, Vehicle and Traffic Law § 1104 [e]), and that absent testimony as to how Officer Gericitano operated his vehicle, there was insufficient evidence to support a finding that he was reckless.

On appeal, the plaintiffs argue that there is an issue of fact as to whether Officer Gericitano was engaged in an emergency operation such that his conduct should be subject to the higher standard of "reckless disregard", rather than ordinary negligence. This argument is without merit. It is undisputed that

both officers were responding to a police call. The trial court correctly concluded, as a matter of law, that Officer Gericitano was engaged in an "emergency operation" as it is defined by statute (*see,* Vehicle and Traffic Law § 114-b). As such, the defendants may not be held liable unless Officer Gericitano's conduct demonstrated a reckless disregard for the safety of others (*see,* Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr,* 84 NY2d 494; *DeLeonardis v Port Washington Police Dist.,* 237 AD2d 322).

We find merit, however, to the plaintiffs' contention that the defendants were not entitled to judgment as a matter of law on the issue of recklessness. Viewing the evidence in the light most favorable to the plaintiffs, and affording them every favorable inference to be drawn therefrom (*see, Szczerbiak v Pilat,* 90 NY2d 553, 556; *Marrero v 720 DeGraw Funding Corp.,* 199 AD2d 248), the evidence indicated that although Officer Gericitano was behind Officer McCarthy's vehicle on Victory Boulevard, Gericitano attempted to cut McCarthy off as they both turned left onto Arlene Street, on a wet roadway in the fog with no emergency signals in use, and that the vehicles collided with enough force to push McCarthy's vehicle 20 to 30 feet onto the lawn of the house on the corner. Based on this evidence, a rational juror could conclude that Officer Gericitano acted with reckless disregard for the safety of others (*see, Campbell v City of Elmira,* 84 NY2d 505; *Brkani v City of New York,* 211 AD2d 740), and the trial court erred in granting the defendants judgment as a matter of law on the issue. Bracken, J. P., Miller, O'Brien and Copertino, JJ., concur.