■ MARIA DEMUTIIS, as Adminsitratrix of the Estate of NICHOLAS DIMUTIIS, Deceased, Appellant, v CITY OF NEW YORK, Respondent. [677 NYS2d 496] —In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated September 9, 1997, as granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the cause of action predicated on General Municipal Law § 205-e.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing the cause of action predicated on General Municipal Law § 205-e (*see, Saarinen v Kerr*, 84 NY2d 494; *DeLeonardis v Port Washington Police Dist.*, 237 AD2d 322; *Young v Village of Lynbrook*, 234 AD2d 455). A police officer's conduct

in pursuing a suspected lawbreaker may not form the basis of civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others (*see,* Vehicle and Traffic Law § 1104 [b], [e]; *Saarinen v Kerr, supra,* at 501; *Williams v City of New York,* 240 AD2d 734; *Powell v City of Mount Vernon,* 228 AD2d 572. This "reckless disregard" standard requires "evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' " (*Saarinen v Kerr, supra,* at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]). On this record, the plaintiff has identified no conduct on the part of the pursuing officers warranting the imposition of liability. Bracken, J. P., Ritter, Thompson and Krausman, JJ., concur.