■ KARLENE GORDON, Appellant, v COUNTY OF NASSAU et al., Respondents. [689 NYS2d 192] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (DeRiggi, J.), dated March 19, 1998, which, upon the granting of the defendants' motion, made at the close of the plaintiff's case, for judgment as a matter of law, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial, with costs to abide the event.

This action arose from a collision between a police vehicle driven by Officer Gordon Thorne and a car driven by the plaintiff. The trial court correctly concluded, as a matter of law, that Officer Thorne was engaged in an emergency operation as defined by statute when the accident occurred (*see,* Vehicle and Traffic Law § 114-b). As such, the defendants may not be held liable unless Officer Thorne's conduct demonstrated a reckless disregard for the safety of others (*see,* Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr,* 84 NY2d 494).

Viewing the evidence in the light most favorable to the plaintiff, and affording her every favorable inference to be drawn therefrom (*see, Szczerbiak v Pilat,* 90 NY2d 553), under the circumstances presented, the defendants were not entitled to judgment as a matter of law on the issue of recklessness. The evidence indicated that Officer Thorne heard a broadcast over the police radio that a fellow officer and an ambulance had both been dispatched to a medical emergency at a nearby church. Since he was in the vicinity, Officer Thorne commenced traveling at a high rate of speed down the center turning lane of a main thoroughfare heavily congested with traffic. Officer Thorne did not engage his emergency siren before colliding with the plaintiff's car, and although he was approaching a red light, he did not attempt to decelerate. Based upon the evidence, a rational juror could conclude that Officer Thorne acted with reckless disregard for the safety of others (*see, Campbell v City of Elmira,* 84 NY2d 505), and the trial court erred in granting the defendants' motion for judgment as a matter of law. Ritter, J. P., Friedmann, McGinity and Smith, JJ., concur.