■ ARLENE MULHOLLAND et al., Appellants, v NABISCO, INC., et al., Respondents. [693 NYS2d 242] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Shaw, J.), entered May 14, 1998, which, upon a jury verdict on the issue of liability in favor of the defendants and against them, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and a new trial is granted.

On the afternoon of August 16, 1994, the plaintiff Arlene Mulholland was operating an Emergency Medical Services ambulance which was directed to respond to a 911 call that an elderly woman was having difficulty breathing. Mulholland and her partner responded to the call and administered oxygen to the patient, who appeared to have suffered a stroke. Mulholland then obtained authorization from a doctor to transport the patient to Wyckoff Hospital. When the ambulance reached the intersection of Pennsylvania Avenue and Linden Boulevard, the traffic light controlling the intersection was red. Mulholland brought the ambulance to a stop, activated the vehicle's siren and lights, and proceeded to enter the intersection against the light. While crossing the intersection, the ambulance collided with a truck owned by the defendant Nabisco, Inc., and operated by the defendant Juan Quinones. At the time of the accident, the defendants' vehicle was in the process of making a left turn from Linden Boulevard onto Pennsylvania Avenue. Following the liability phase of a bifurcated trial, the jury returned a verdict in favor of the defendants, finding that they were not at fault in the happening of the accident.

On appeal, the plaintiffs contend that the trial court erred in denying their request to charge that Mulholland was operating an authorized "emergency vehicle" engaged in an "emergency operation" at the time of the accident. We agree. By statute, an ambulance is an authorized emergency vehicle (*see,* Vehicle and Traffic Law § 101). Moreover, the undisputed testimony that Mulholland was transporting a patient who had experienced respiratory distress to the hospital demonstrates that she was engaged in an "emergency operation" which is expressly defined to include the operation of a vehicle "engaged

in transporting a sick or injured person" (Vehicle and Traffic Law § 114-b). Thus, the trial court should have instructed the jury that Mulholland was engaged in an emergency operation, and, accordingly, that she had a qualified privilege to proceed past a red light, and could only be held responsible for the accident if her conduct demonstrated a reckless disregard for the safety of others (*see,* Vehicle and Traffic Law § 1104 [e]; *Szczerbiak v Pilat,* 90 NY2d 553, 556; *McCarthy v City of New York,* 250 AD2d 654). Under these circumstances, a new trial is warranted.

In light of our determination, we do not reach the plaintiffs' remaining contentions. Santucci, J. P., Krausman, Florio and Feuerstein, JJ., concur.