■ ANDREW MOLINARI, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. [700 NYS2d 489] —In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Barbaro, J.), dated June 16, 1998, as, upon a jury verdict finding it 100% at fault in the happening of the accident, and awarding the plaintiff damages in the total sum of $6,390,000, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed insofar as appealed from, on the law, and a new trial is granted, with costs to abide the event.

A police officer's conduct in pursuing a suspected lawbreaker

may not form the basis of civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others (see, Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr,* 84 NY2d 494, 501; *Fioriello v Sasson,* 255 AD2d 549; *DeMutiis v City of New York,* 253 AD2d 734; *Mulligan v City of New York,* 245 AD2d 277; *Williams v City of New York,* 240 AD2d 734). The "reckless disregard" standard requires evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow (see, *Szczerbiak v Pilat,* 90 NY2d 553, 557; *Saarinen v Kerr,* 84 NY2d 494, 501, *supra*; *Campbell v City of Elmira,* 84 NY2d 505, 510).

The plaintiff police officer testified at trial that he and his partner were responding to a radio report of a robbery in progress when the accident occurred. Since the officers were thus engaged in an "emergency operation" as defined by statute (see, Vehicle and Traffic Law § 114-b), the trial court should have instructed the jury, as a matter of law, that the appellant could only be held liable if the conduct of the operator of the vehicle demonstrated a reckless disregard for the safety of others (see, *McCarthy v City of New York,* 250 AD2d 654). In view of the failure to so charge, and the existence of a triable issue of fact as to whether the operator's conduct rose to the level of reckless disregard (see, *Gordon v County of Nassau,* 261 AD2d 359; *McCarthy v City of New York,* 250 AD2d 654, *supra*), we grant a new trial.

In light of our determination, we need not reach the parties' remaining contentions. Thompson, J. P., Krausman, H. Miller and Schmidt, JJ., concur.