■ SONJA BAINES, Respondent, v CITY OF NEW YORK, Appellant. [703 NYS2d 463] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered February 3, 1999, after a jury trial, which, in this action to recover for personal injuries sustained by plaintiff when her vehicle collided with a police car, awarded plaintiff damages structured pursuant to CPLR article 50-B, unanimously affirmed, without costs.

The evidence was legally sufficient to support the jury's verdict against defendant (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499). In particular, the jury was entitled to credit the trial testimony to the effect that the police officer in question drove his police vehicle into the subject intersection at an unsafe speed and against the red light without sounding his siren or adequately reducing speed before suddenly stopping and blocking plaintiff's lane of traffic, making no attempt to avoid colliding with plaintiff's oncoming vehicle (*see, Gordon v County of Nassau,* 261 AD2d 359). Hence, there were grounds for the jury rationally to conclude that the officer "recklessly flaunted the risks" (*Campbell v City of Elmira,* 84 NY2d 505, 511) and, in so doing, breached his duty to drive with due regard for the safety of all persons (*see,* Vehicle and Traffic Law § 1104 [e]). While the officer, who at the time of the incident was responding to an emergency, was statutorily authorized to drive his vehicle into the intersection against a red light (*see,* Vehicle and Traffic Law § 1104), that privilege was conditional and he remained subject to the duty to drive with due regard for the safety of others. The statutory authorization did not foreclose liability for conduct of the officer performed with "reckless disregard" for others' safety (§ 1104 [e]; *see, Saarinen v Kerr,* 84 NY2d 494).

Any error in the charge was harmless. As reflected in the verdict sheet, the jury properly applied a reckless disregard standard in evaluating the police officer's conduct, notwithstanding the objected-to language in the charge. Nor did the trial court err in refusing to give a missing witness charge as to two physicians who had treated plaintiff, since their testimony would have been cumulative of the largely unopposed testimony of the three doctors produced by plaintiff (*see, Bonner v Lee,* [appeal No. 2], 255 AD2d 1005; *Diorio v Scala,*

183 AD2d 1065). Also proper under the circumstances was the trial court's exercise of discretion to award interest to plaintiff at the presumptively reasonable statutory rate of 9% per annum (*see, Rodriguez v New York City Hous. Auth.*, 91 NY2d 76). Concur—Tom, J. P., Ellerin, Rubin, Andrias and Buckley, JJ.