■ ANGELA CRAPAZANO, Respondent, et al., Plaintiff, v COUNTY OF NASSAU et al., Appellants. [707 NYS2d 655] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Nassau County (Joseph, J.), entered March 8, 1999, which, upon a jury verdict finding that the plaintiff Angela Crapazano had sustained damages in the sums of $200,000 for past loss of earnings, $504,600 for past pain and suffering, $31,000 for future medical expenses, $741,500 for future loss of earnings, and $1,410,270 for future pain and suffering, is in favor of the plaintiff Angela·Crapazano and against them in the principal sum of $2,887,370.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding the plaintiff Angela Crapazano damages in the sums of $504,600 for past pain and suffering and $1,410,270 for future pain and suffering, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs payable to the appellants by the plaintiff Angela Crapazano, unless, within 30 days after service upon her of a copy of this decision and order with notice of entry, the plaintiff Angela Crapazano shall serve and file in the Office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to past pain and suffering from the sum of $504,600 to the sum of $300,000 and as to future pain and suffering from the sum of $1,410,270 to the sum of $600,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff Angela Crapazano so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The defendant Angela Maiorano-Fitzgerald (hereinafter Fitzgerald), a Nassau County Police Officer, was driving her

patrol vehicle in response to an emergency call when she entered an intersection and collided with a vehicle driven by the plaintiff Angela Crapazano. The evidence was sufficient to permit the jury to find that Fitzgerald entered the intersection against the traffic light, with her emergency lights on, without sounding her siren, and with her view of the cars traveling perpendicular to her blocked by a utility truck in a nearby lane. Additionally, there was proof at trial from which the jury could have concluded that such conduct was contrary to both her original training and the regulations of the Nassau County Police Department. It cannot be said that there was no valid line of reasoning which could support the conclusion that Fitzgerald acted in reckless disregard of the safety of others, or that the verdict was against the weight of the evidence (*see, Campbell v City of Elmira,* 84 NY2d 505; *Saarinen v Kerr,* 84 NY2d 494; *Cohen v Hallmark Cards,* 45 NY2d 493; *DeLeonardis v Port Washington Police Dist.,* 237 AD2d 322; *Nicastro v Park,* 113 AD2d 129).

Further, since the defendants failed to object to the amended charge given to the jury, their contention regarding the amended charge is unpreserved for appellate review (*see, Piro v Bowen,* 76 AD2d 392). In any event, the charge as given was appropriate. The charge was not confusing and did not create doubt in the jurors' minds as to the proper standard it was to apply in judging Fitzgerald's conduct (*see, Saarinen v Kerr, supra; DeLeonardis v Port Washington Police Dist., supra*).

The jury award deviates materially from what would be reasonable compensation to the extent indicated (*see,* CPLR 5501 [c]; *Walsh v Kings Plaza Replacement Serv.,* 239 AD2d 408; *Gaetan v New York City Tr. Auth.,* 213 AD2d 510).

The defendants' remaining contention is without merit. Thompson, J. P., Friedmann, Florio and Smith, JJ., concur.