■ ROBIN GOLDSTEIN, Respondent, et al., Plaintiff, v ABUNDIO SANCHEZ et al., Respondents, and COUNTY OF NASSAU et al., Appellants. (And a Third-Party Action.) [764 NYS2d 849] —In an action to recover damages for personal injuries, the

defendants County of Nassau, Police Department of Nassau County, Edward Hughes, and Rene Yao appeal from an interlocutory judgment of the Supreme Court, Nassau County (Segal, J.), entered February 15, 2002, which, upon a jury verdict, is in favor of the plaintiff Robin Goldstein and against the defendants County of Nassau, Police Department of Nassau County, and Edward Hughes on the issue of liability.

Ordered that the appeal by the defendant Rene Yao is dismissed, as that defendant is not aggrieved by the interlocutory judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the interlocutory judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff-respondent.

Based on the evidence adduced at trial, it cannot be said that the jury verdict finding that the appellants County of Nassau, Police Department of Nassau County, and Edward Hughes (hereinafter the appellants) were liable because their emergency vehicle violated Vehicle and Traffic Law § 1104 (e) was "utterly irrational" (*Campbell v City of Elmira*, 84 NY2d 505 [1994]; *see Saarinen v Kerr*, 84 NY2d 494 [1994]; *Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Gordon v County of Nassau*, 261 AD2d 359 [1999]).

The appellants' remaining contentions are without merit. Smith, J.P., Luciano, H. Miller and Adams, JJ., concur.