OPINION OF THE COURT
Anil C. Singh, J.
Plaintiff moves for summary judgment in this negligence action contending that defendant’s motor vehicle rear-ended a car owned and operated by plaintiffs subrogor. Defendant opposes the motion.
This is a subrogation action to recover property damages in the sum of $11,933.59 as a result of a motor vehicle accident that occurred on August 25, 2004. As a result of the occurrence, plaintiff’s insured made a claim for property damage with plaintiff. Based on the insurance policy, plaintiff paid its insured’s claim.
Plaintiff exhibits the sworn affidavit of Orville Austin, its insured. Mr. Austin states that his automobile was rear-ended by defendant’s vehicle while his car was stopped on Bedford Avenue in Brooklyn (Austin affidavit para 3). He states further that the impact from defendant’s vehicle propelled his automobile into another stopped vehicle causing additional damage.
In opposition, defendant exhibits the sworn affidavit of Christopher Connolly, a New York City police officer. Detective Connolly states that he was the assigned driver of the marked police vehicle involved in the accident. While on patrol, he received a 911 radio transmission of a “10-52,” which means “a dispute with a gun” (Connolly affidavit paras 5-6). His partner activated the turret lights and siren. When Detective Connolly turned onto Bedford Avenue, he saw plaintiffs car stopped at or near a traffic light. According to Detective Connolly, plaintiff made no effort to move his automobile (Connolly affidavit para 12). Detective Connolly states that he applied the brakes, but not in time to avert the accident.
Plaintiff contends that the rear-end collision in this matter establishes a prima facie case of negligence. However, plaintiffs contention is meritless because negligence is not the applicable standard of care under the specific facts of this case.
Vehicle and Traffic Law § 1104 grants a driver of an authorized emergency vehicle — here, the police car — a qualified privilege to disregard the ordinary rules of prudent and responsible driving, subject to a “reckless disregard” standard of liability (Saarinen v Kerr, 84 NY2d 494 [1994]). Furthermore, the Court *452 of Appeals has specifically held that a police officer driving a patrol car in response to a 911 dispatch call to investigate a dispute was, as a matter of law, engaged in “emergency operation” of a vehicle as defined in Vehicle and Traffic Law § 114-b (Criscione v City of New York, 91 NY2d 152 [2001]; see also Baines v City of New York, 269 AD2d 309 [1st Dept 2000]; Molinari v City of New York, 267 AD2d 436 [2d Dept 1999]; Salzano v Korba, 296 AD2d 393 [2d Dept 2002]; Badalamenti v City of New York, 30 AD3d 452, 452 [2d Dept 2006] [“The manner in which a police officer operates his or her vehicle in responding to an emergency call may not form the basis of civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others”]).
Plaintiffs counsel cites Abramov v Campbell (303 AD2d 697 [2d Dept 2003]), Leal v Wolff (224 AD2d 392 [2d Dept 1996]), Mascitti v Greene (250 AD2d 821 [2d Dept 1998]), Agramonte v City of New York (288 AD2d 75 [1st Dept 2001]) and Johnson v Phillips (261 AD2d 269 [1st Dept 1999]) for the proposition that a rear-end collision establishes a prima facie case of negligence on the part of the operator of the following vehicle, even where, as here, a police car is involved. However, the cases cited by plaintiff are clearly distinguishable from the instant matter, for none of the cited cases involve police officers allegedly responding to emergencies; rather, they are garden-variety traffic accident cases involving automobiles and, in one instance, a sanitation truck. Accordingly, there is a triable issue of fact in the instant matter as to whether the operator’s conduct rose to the level of reckless disregard.
For the above reasons, plaintiffs motion for summary judgment is denied.