■ DORIAN BURRELL, Appellant, v CITY OF NEW YORK et al., Respondents. [853 NYS2d 598]—

The manner in which a police officer operates his or her vehicle in responding to an emergency call may not form the basis of civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *Rodriguez v Incorporated Vil. of Freeport*, 21 AD3d 1024 [2005]; *Molinari v City of New York*, 267 AD2d 436, 436-437 [1999]). The "reckless disregard" standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow (*see Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]; *Saarinen v Kerr*, 84 NY2d at 501; *Campbell v City of Elmira*, 84 NY2d 505, 510 [1994]).

Here, the defendant City of New York failed to meet its initial burden of establishing, prima facie, that the defendant police officer did not act in reckless disregard for the safety of others when she entered the intersection, where the subject accident occurred. Vehicle and Traffic Law § 1104 (b) (2) permits an emergency vehicle to "[p]roceed past a steady red signal . . . only after slowing down as may be necessary for safe operation." The City's submissions failed to eliminate questions of fact as to whether the police vehicle had its emergency siren and flashers on and whether the officer operating the vehicle accelerated, rather than slowed down, as she approached the intersection. Moreover, there are issues of fact as to whether the defendant police officer's view of the intersection was obstructed by a parked vehicle and/or the inclement weather. Accordingly, the City did not establish its entitlement to summary judgment dismissing the causes of action alleging violations of General Municipal Law § 205-e insofar as asserted against it (*see Campbell v City of Elmira*, 84 NY2d at 510-511; *Badalamenti v City of New York*, 30 AD3d 452, 453 [2006];

*Lupole v Romano*, 307 AD2d 697, 698 [2003]; *Luca v Town of Crawford*, 294 AD2d 410 [2002]; *Baines v City of New York*, 269 AD2d 309 [2000]; *Gordon v County of Nassau*, 261 AD2d 359 [1999]; cf. *Salzano v Korba*, 296 AD2d 393, 394-395 [2002]), and we thus need not consider the sufficiency of the plaintiff's opposition papers. Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.