■ TRACY L. CORALLO et al., Respondents, v PAUL MARTINO et al., Appellants, et al., Defendants. [873 NYS2d 102]—

In an action to recover damages for personal injuries, etc., the defendants Paul Martino, Staten Island Rapid Transit Operating Authority, City of New York Metropolitan Transportation Authority, and New York City Transit Authority appeal from an order of the Supreme Court, Richmond County (Gigante, J.), dated October 5, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

Pursuant to Vehicle and Traffic Law § 1104, drivers of "authorized emergency vehicles" have a qualified privilege to disregard certain traffic laws during an emergency operation (*see* Vehicle and Traffic Law § 1104 [b] [1]-[4]; *Szczerbiak v Pilat,* 90 NY2d 553, 553 [1997]). An officer's conduct during such an emergency operation may not form the basis of civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr,* 84 NY2d 494, 501 [1994]; *Shephard v City of New York,* 39 AD3d 842 [2007]; *Badalamenti v City of New York,* 30 AD3d 452 [2006]; *Rodriguez v Incorporated Vil. of Freeport,* 21 AD3d 1024 [2005]; *Molinari v City of New York,* 267 AD2d 436 [1999]). The "reckless disregard" standard

requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow (*see Szczerbiak v Pilat,* 90 NY2d at 557; *Campbell v City of Elmira,* 84 NY2d 505, 511 [1994]; *Saarinen v Kerr,* 84 NY2d at 501; *Burrell v City of New York,* 49 AD3d 482 [2008]; *Puntarich v County of Suffolk,* 47 AD3d 785 [2008]).

Here, even accepting the appellants' contention that the appellant police officer Paul Martino was operating his police vehicle during an emergency operation, the appellants failed to establish, prima facie, that Officer Martino did not act in reckless disregard for the safety of others when he entered the subject intersection. Pursuant to Vehicle and Traffic Law § 1104 (b) (2), "[t]he driver of an authorized emergency vehicle may . . . [p]roceed past a steady red signal . . . but only after slowing down as may be necessary for safe operation." The appellants' submissions in support of their motion failed to eliminate questions of fact as to whether Officer Martino slowed down his police vehicle prior to entering the intersection against a red light, checked for oncoming traffic before entering the intersection, and activated the siren on his vehicle before proceeding into the intersection. Accordingly, the appellants did not establish their entitlement to summary judgment dismissing the complaint insofar as asserted against them (*see Burrell v City of New York,* 49 AD3d 482 [2008]; *Badalamenti v City of New York,* 30 AD3d 452 [2006]; *see also Baines v City of New York,* 269 AD2d 309 [2000]; *Gordon v County of Nassau,* 261 AD2d 359 [1999]). Since the appellants did not meet their initial burden, we need not review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Skelos, J.P., Santucci, McCarthy and Dickerson, JJ., concur.