■ IRENE DALY, as Administrator of the Estate of JOHN K. SONNECHSEN, Appellant, v COUNTY OF WESTCHESTER et al., Respondents, et al., Defendants. (And a Third-Party Action.)
[882 NYS2d 209]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Jamieson, J.), entered June 7, 2007, which granted the separate motions of the defendants County of Westchester and Westchester Police Department, the defendants City of Yonkers and Yonkers Police Department, and the defendants Town of Eastchester and Eastchester Police Department for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) a judgment of the same court entered June 14, 2007, which, upon so much of the order as granted the motion of the defendants Town of

Eastchester and Eastchester Police Department for summary judgment dismissing the complaint insofar as asserted against them, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against them.

Ordered that the appeal from so much of the order as granted the motion of the defendants Town of Eastchester and Eastchester Police Department for summary judgment dismissing the complaint insofar as asserted against them is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The appeal from so much of the order as granted the motion of the defendants Town of Eastchester and Eastchester Police Department for summary judgment dismissing the complaint insofar as asserted against them must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal from that part of the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"The manner in which a police officer operates his or her vehicle in responding to an emergency call may not form the basis for civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others" (*Badalamenti v City of New York,* 30 AD3d 452, 452 [2006]; *see Saarinen v Kerr,* 84 NY2d 494, 501 [1994]; *Rodriguez v Incorporated Vil. of Freeport,* 21 AD3d 1024 [2005]; *Turini v County of Suffolk,* 8 AD3d 260 [2004]; *Molinari v City of New York,* 267 AD2d 436 [1999]; Vehicle and Traffic Law § 1104 [e]). "The 'reckless disregard' standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (*Badalamenti v City of New York,* 30 AD3d at 453), and did so with conscious indifference to the outcome (*see Saarinen v Kerr,* 84 NY2d at 501).

Here, the respondents established their prima facie entitlement to judgment as a matter of law by demonstrating that the subject police officers' conduct did not rise to the level of reckless disregard for the safety of others. In opposition, the plaintiff failed to raise a triable issue of fact (*see Shephard v City of New*

*York,* 39 AD3d 842, 843 [2007]; *Teitelbaum v City of New York,* 300 AD2d 649, 650 [2002]; *Demutiis v City of New York,* 253 AD2d 734, 735 [1998]; *DeLeonardis v Port Wash. Police Dist.,* 237 AD2d 322 [1997]; *Young v Village of Lynbrook,* 234 AD2d 455 [1996]; *Powell v City of Mount Vernon,* 228 AD2d 572, 573-574 [1996]; cf. *Spalla v Village of Brockport,* 295 AD2d 900 [2002]). Accordingly, the Supreme Court properly granted the motions for summary judgment dismissing the complaint insofar as asserted against the respondents. Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.