BAYRON GONZALEZ, Respondent, v LUIS ZAVALA et al., Defendants, GINA VILLAMARIN, Respondent, and NASSAU COUNTY POLICE DEPARTMENT, Appellant. [931 NYS2d 396]—

According to the deposition testimony of Nassau County police officer Gary Renick, at about 12:38 A.M. on December 24, 2006, he observed a van make an illegal U-turn on Hempstead Turnpike, fishtail into the opposite lane of traffic, and quickly accelerate. Although Renick activated his vehicle's lights and siren, the van did not pull over. Renick proceeded to pursue the van, which reached speeds of 70 miles per hour, failed to stop for nine red lights, and swerved in and out of traffic. During the pursuit, which lasted approximately 1½ minutes and covered approximately two miles, Renick stopped at each traffic light before catching up again with the van. As the van approached the Village of Hempstead, it sideswiped another vehicle, hit a taxi, and then mounted a sidewalk and struck the plaintiff, a pedestrian.

The plaintiff commenced this action to recover damages for personal injuries against, among others, the Nassau County Police Department (hereinafter the County). The County moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion. We reverse.

Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of emergency vehicles from certain traffic laws when they are involved in an emergency operation (*see Kabir v County of Monroe*, 16 NY3d 217, 222-224 [2011]; *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Saarinen v Kerr*, 84 NY2d 494, 497 [1994]). The "[e]mergency operation" of a police vehicle includes "pursuing an actual or suspected violator of the law" (Vehicle and Traffic Law § 114-b). While the driver is permitted to disregard certain rules of the road, such emergency operation of a police vehicle "shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons," and it does not "protect the driver from the consequences of his reckless disregard for the safety of

948

others" (Vehicle and Traffic Law § 1104 [e]; *see Campbell v City of Elmira,* 84 NY2d 505, 509-513 [1994]).

Here, contrary to the contentions of the plaintiff and the defendant Gina Villamarin (hereinafter together the respondents), the County made a prima facie showing that Renick was engaged in an emergency operation at the time of the subject accident, and that his conduct did not rise to the level of reckless disregard for the safety of others (*see Saarinen v Kerr,* 84 NY2d at 503-504; *Nurse v City of New York,* 56 AD3d 442, 443 [2008]; *Puntarich v County of Suffolk,* 47 AD3d 785, 786 [2008]; *Daniels v City of New York,* 28 AD3d 415, 416 [2006]). In opposition, the respondents failed to raise a triable issue of fact.

The respondents' remaining contention is without merit.

Accordingly, the County's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted. Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.