■ Dolores Mouzakes et al., Respondents, v County of Suffolk et al., Appellants, et al., Defendants. [941 NYS2d 850]—

In an action to recover damages for personal injuries, etc., the defendants County of Suffolk and the Suffolk County Police Department appeal from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated April 22, 2011, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, and the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiffs allegedly sustained injuries when a vehicle operated by an intoxicated driver, and pursued by a Suffolk County police officer, collided with their vehicle. In the order appealed from, the Supreme Court denied the motion of the County of Suffolk and the Suffolk County Police Department (hereinafter together the defendants) for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The defendants appeal and we reverse.

Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of emergency vehicles from certain traffic laws when they are involved in an emergency operation (*see Kabir v County of Monroe*, 16 NY3d 217, 222-224 [2011]; *Saarinen v Kerr*, 84 NY2d 494, 497 [1994]; *Gonzalez v Zavala*, 88 AD3d 946, 947 [2011]). The "[e]mergency operation" of a police vehicle includes

"pursuing an actual or suspected violator of the law" (Vehicle and Traffic Law § 114-b). While the driver of an emergency vehicle is permitted to disregard certain rules of the road, such emergency operation of a police vehicle "shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons" and it does not "protect the driver from the consequences of his reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]; *see Campbell v City of Elmira*, 84 NY2d 505, 509-513 [1994]).

Here, the defendants made a prima facie showing that the police officer involved in the pursuit of the intoxicated driver was engaged in an emergency operation at the time of the accident, and that the police officer's conduct did not rise to the level of reckless disregard for the safety of others (*see Saarinen v Kerr*, 84 NY2d at 503-504; *Gonzalez v Zavala*, 88 AD3d at 948; *Nurse v City of New York*, 56 AD3d 442, 443 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been granted. Rivera, J.P., Dillon, Angiolillo and Leventhal, JJ., concur.