■ JANICE QUINTERO, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [978 NYS2d 155]—

In this action brought by a police officer allegedly injured in a motor vehicle accident while she was a passenger in an unmarked police car, the municipal defendants failed to make a prima facie showing that the complaint's General Municipal Law § 205-e claims, predicated on violations of the Vehicle and Traffic Law, and codefendants' cross claim for negligence are barred by Vehicle and Traffic Law § 1104. *Williams v City of New York* (240 AD2d 734 [2d Dept 1997]), relied on by defendants, is distinguishable. In *Williams,* there was evidence that the police vehicle had used its portable light and siren to get a suspected stolen car to pull over (*id.* at 735-736). Here, however, plaintiff testified that defendant Rohe, the officer driving the vehicle, had double-parked the police vehicle in order to observe two suspects and that they were sitting at the accident location approximately 15 to 20 minutes before they were struck from behind by codefendants' minivan.

Further, Rohe testified that he had double-parked the police vehicle in order to investigate a suspect, which is not an "emergency operation" as defined by Vehicle and Traffic Law § 1104 (a) (*see Banks v City of New York,* 92 AD3d 591, 591 [1st Dept 2012]; *Rusho v State of New York,* 76 AD3d 783, 784 [4th Dept 2010]). Concur—Sweeny, J.P., Acosta, Saxe, Moskowitz and Clark, JJ.