■ Luis Quintana, Appellant-Respondent, v Maurice Wallace et al., Respondents-Appellants, and County of Suffolk, Respondent. [17 NYS3d 461]—In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited

by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered January 23, 2013, as, upon a jury verdict in favor of the defendant County of Suffolk and against him on the issue of liability, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant County of Suffolk and against him dismissing the complaint insofar as asserted against that defendant, and the defendants Maurice Wallace and Walter Joseph cross-appeal, as limited by their brief, from stated portions of the same judgment.

Ordered that the cross appeal is dismissed, as the defendants Maurice Wallace and Walter Joseph are not aggrieved by the portions of the judgment cross-appealed from (see CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant County of Suffolk, payable by the plaintiff.

The plaintiff commenced two related actions to recover damages for personal injuries allegedly sustained by him in a motor vehicle accident involving a vehicle operated by the defendant Maurice Wallace and owned by the defendant Walter Joseph. The accident occurred while the vehicle operated by Wallace was being pursued by members of the Suffolk County Police Department in the course of a high-speed chase. The plaintiff commenced one action against Wallace and Joseph, and a separate action against the defendant County of Suffolk.

The two actions were consolidated. At the conclusion of the plaintiff's case at the trial on the issue of liability, the Supreme Court granted the plaintiff's motion for a directed verdict in his favor and against Wallace and Joseph on the issue of liability. The issue of the County's liability was submitted to the jury, which returned a verdict in favor of the County and against the plaintiff. The Supreme Court subsequently entered a judgment on January 23, 2013, which was in favor of the County and against the plaintiff, dismissing the complaint insofar as asserted against the County. That judgment also, among other things, "severed and continued" the action against Wallace and Joseph.

Wallace and Joseph cross-appeal from stated portions of the judgment. However, the cross appeal must be dismissed because the portions of the judgment cross-appealed from did not grant or deny any relief for or against Wallace or Joseph (see *Mixon v TBV, Inc.*, 76 AD3d 144, 152 [2010]). The order

granting the plaintiff's motion for a directed verdict in favor of the plaintiff and against Wallace and Joseph does not necessarily affect the judgment entered January 23, 2013, and will be brought up for review upon any appeal from a final judgment entered in the severed action against those defendants (*see* CPLR 5501 [a] [1]).

Turning to the plaintiff's appeal, we conclude that, contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in limiting the plaintiff's use of certain deposition testimony during the questioning of the plaintiff's police witness, Sergeant Joshua Wertheim (*see Feldsberg v Nitschke*, 49 NY2d 636, 644-645 [1980]; *Robinson v Plaro Estates, Inc.*, 119 AD3d 542, 545 [2014]; *Cheathem v Ostrow*, 100 AD3d 819, 820 [2012]).

Contrary to the plaintiff's further contention, the jury charge and verdict sheet interrogatory properly directed the jury to determine whether the police pursuit was conducted with reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104; *Kabir v County of Monroe*, 16 NY3d 217, 222-224 [2011]; *Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]; *Saarinen v Kerr*, 84 NY2d 494 [1994]; *Mouzakes v County of Suffolk*, 94 AD3d 829 [2012]; *Elnakib v County of Suffolk*, 90 AD3d 596, 597 [2011]; *Nurse v City of New York*, 56 AD3d 442, 443 [2008]; *Badalamenti v City of New York*, 30 AD3d 452, 453 [2006]; *Crapazano v County of Nassau*, 272 AD2d 363, 364 [2000]).

The jury's verdict was not contrary to the weight of the credible evidence (*see Vaval v NYRAC, Inc.*, 31 AD3d 438 [2006]; *Crapazano v County of Nassau*, 272 AD2d at 364). Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.