Portalatin v City of New York (2018 NY Slip Op 07341)





Portalatin v City of New York


2018 NY Slip Op 07341


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-04111
 (Index No. 500939/14)

[*1]Jennifer J. Portalatin, appellant, 
v
City of New York, et al., respondents.


William Pager, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Emma Grunberg of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated February 10, 2017. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
The plaintiff allegedly sustained personal injuries when a police vehicle owned by the defendants City of New York and New York City Police Department and operated by the defendant police officer, Daniel Sforza, backed into her stopped vehicle on Linden Street in Brooklyn. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion. The plaintiff appeals.
Vehicle and Traffic Law § 1104 qualifiedly exempts drivers of emergency vehicles from certain traffic laws when they are involved in an emergency operation (see Kabir v County of Monroe, 16 NY3d 217, 222-224; Saarinen v Kerr, 84 NY2d 494, 497; Mouzakes v County of Suffolk, 94 AD3d 829; Gonzalez v Zavala, 88 AD3d 946, 947). The "emergency operation" of a police vehicle includes "pursuing an actual or suspected violator of the law" (Vehicle and Traffic Law § 114-b; see Mouzakes v County of Suffolk, 94 AD3d at 829-830). Vehicle and Traffic Law § 1104(e) establishes a reckless disregard standard of care for determining civil liability for damages resulting from the privileged operation of an emergency vehicle (see Kabir v County of Monroe, 16 NY3d at 220; Saarinen v Kerr, 84 NY2d at 500). Otherwise, the standard of care for determining civil liability is ordinary negligence (see Kabir v County of Monroe, 16 NY3d at 220).
In support of her motion for summary judgment on the issue of liability, the plaintiff submitted, inter alia, a police accident report which included Officer Sforza's statement that, at the time of the accident, he was observing "what appeared to be suspicious activity" at a nearby address. Thus, the plaintiff established, prima facie, that the police officer was not engaged in an emergency operation when the accident occurred (see Quintero v City of New York, 113 AD3d 414, 415; Starkman v City of Long Beach, 106 AD3d 1076, 1078; Rusho v State of New York, 76 AD3d 783, 784). In opposition, the defendants submitted the affidavit of Officer Sforza, who clarified that, at the time of the accident, he had merely noticed an individual at a nearby address with what he believed to be an open alcoholic container. The defendants' submissions failed to raise a triable issue of fact as to whether the police vehicle was engaged in an emergency operation. Accordingly, [*2]under the particular circumstances of this case, the reckless disregard standard of care was not applicable.
Under the ordinary negligence standard of care, Officer Sforza's failure to take proper precautions before backing up the police vehicle into the plaintiff's stopped vehicle established the plaintiff's entitlement to judgment as a matter of law on the issue of liability (see Vehicle and Traffic Law § 1211[a]; Bukharetsky v Court St. Off. Supplies, Inc., 82 AD3d 812, 813; see also Ortiz v Lynch, 105 AD3d 584, 585; Gill v Braasch, 100 AD3d 1415, 1415; Garcia v Verizon N.Y., Inc., 10 AD3d 339, 340). In opposition, the defendants failed to raise a triable issue of fact on the issue of Officer Sforza's negligence.
Contrary to the defendants' contention, the plaintiff was not required to demonstrate her freedom from comparative fault in order to establish her prima facie entitlement to summary judgment on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312; Edgerton v City of New York, 160 AD3d 809).
Also contrary to the defendants' contention, summary judgment was not premature due to outstanding disclosure. The defendants did not establish that discovery might lead to relevant evidence, or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Williams v Spencer-Hall, 113 AD3d 759, 760; Boorstein v 1261 48th St. Condominium, 96 AD3d 703, 704).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court