Sanicola v Wantagh Fire Dist., Inc. (2020 NY Slip Op 06163)





Sanicola v Wantagh Fire Dist., Inc.


2020 NY Slip Op 06163


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-11717
 (Index No. 606022/15)

[*1]Noelle C. Sanicola, respondent, 
v
Wantagh Fire District, Inc., et al., appellants.


Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Louise M. Cherkis of counsel), for appellants.
Massimo & Panetta, P.C., Mineola, NY (Frank C. Panetta of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered August 21, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On June 17, 2014, the defendant Joseph C. Gross, Jr., a firefighter for the defendant Wantagh Fire District, Inc., was operating a fire truck while responding to an emergency call. The fire truck proceeded through a stop sign without stopping and struck a vehicle operated by the plaintiff, allegedly causing her injuries.
The plaintiff commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending that Gross did not operate the fire truck in reckless disregard for the safety of others. The Supreme Court denied the motion, and the defendants appeal.
The manner in which a firefighter operated his or her vehicle in responding to an emergency may form the basis of civil liability to an injured third party if the firefighter acted in reckless disregard for the safety of others (see Vehicle and Traffic Law § 1104[e]; Campbell v City of Elmira, 84 NY2d 505; Saarinen v Kerr, 84 NY2d 494, 501). The "reckless disregard" standard requires proof that the firefighter intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow (see Campbell v City of Elmira, 84 NY2d at 510; Saarinen v Kerr, 84 NY2d at 501; Rios v City of New York, 144 AD3d 1011, 1011-1012). An operator of an authorized emergency vehicle responding to an emergency may "[p]roceed past . . . a stop sign, but only after slowing down as may be necessary for safe operation" (Vehicle and Traffic Law § 1104[b][2]).
Here, the defendants failed to meet their initial burden of establishing, prima facie, that Gross did not act in reckless disregard for the safety of others when he was involved in the accident with the plaintiff (see Corallo v Martino, 58 AD3d 792, 793). The defendants' submissions [*2]failed to eliminate triable issues of fact as to whether the fire truck slowed down before it proceeded through the stop sign without stopping, how fast the fire truck was traveling immediately before the accident, and whether that speed was reckless under the circumstances (see Mouring v City of New York, 112 AD3d 588; Miller v Suffolk County Police Dept., 105 AD3d 918; Corallo v Martino, 58 AD3d at 793; Burrell v City of New York, 49 AD3d 482). Since the defendants failed to meet their prima facie burden, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court