■ Robert W. Ferrara, Respondent, v Village of Chester et al., Appellants, et al., Defendants. (And a Related Action.) [869 NYS2d 600]—

The manner in which a police officer operated his or her vehicle in responding to an emergency may form the basis of civil liability to an injured third party if the officer acted in reckless disregard for the safety of others (*see* Vehicle and Traffic Law § 1104 [e]; *Criscione v City of New York,* 97 NY2d 152, 156 [2001]; *Saarinen v Kerr,* 84 NY2d 494, 501 [1994]). The "reckless disregard" standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow (*see Campbell v City of Elmira,* 84 NY2d 505, 510 [1994]; *Saarinen v Kerr,* 84 NY2d 494 [1994]).

Here, the appellants Village of Chester and David J. Hagberg (hereinafter the appellants) failed to meet their initial burden of establishing, prima facie, that the police officers responding to the emergency did not act in reckless disregard for the safety of others in commencing, conducting, or failing to terminate the high-speed pursuit of another vehicle driven by an individual suspected of violating his parole and driving with a suspended license, during which the subject accident occurred (*see Burrell v City of New York,* 49 AD3d 482, 483 [2008]; *Shephard v City of New York,* 39 AD3d 842 [2007]; *see also* Vehicle and Traffic Law § 114-b). The appellants' submissions failed to eliminate questions of fact as to whether the principal pursuing officer properly informed the central dispatcher of the location of the suspect's vehicle and whether the suspect was operating his headlights. Moreover, there are issues of fact as to whether the pursuing officer or his supervisor should have commenced the pursuit given the minor offenses the suspect was thought to have committed, or terminated the pursuit in light of the fact that it was conducted at high speeds on curving narrow roads, through a construction zone and into oncoming traffic, where the suspect vehicle may not have used headlights. Accordingly, the appellants did not establish their entitlement to summary judgment dismissing the complaint insofar as asserted against them (*see Campbell v City of Elmira,* 84 NY2d at 510-511; *Burrell v City of New York,* 49 AD3d 482 [2008]; *McCarthy v City of New York,* 250 AD2d 654, 655 [1998]; *cf. Spalla v Village of Brockport,* 295 AD2d 900, 900-901 [2002]).

The appellants' remaining contentions are without merit. The contentions of the defendant Timothy McGuire are not

properly before this Court, as he did not file a notice of appeal and by decision and order on motion dated February 19, 2008, this Court denied that branch of the motion of McGuire and the appellants which was for leave to serve an amended notice of appeal adding McGuire as an appellant. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.