In an action to recover damages for personal injuries, the defendant County of Suffolk appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), entered April 6, 2011, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed, with costs.
“The manner in which a police officer operated his or her vehicle in responding to an emergency may form the basis of civil liability to an injured third party if the officer acted in reckless disregard for the safety of others” (Ferrara v Village of Chester, 57 AD3d 719, 720 [2008]; see Vehicle and Traffic Law § 1104 [e]; Criscione v City of New York, 97 NY2d 152, 156 [2001]; Saarinen v Kerr, 84 NY2d 494, 501 [1994]; Daly v County of Westchester, 63 AD3d 988, 989 [2009]). “The ‘reckless disregard’ standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow” (Ferrara v Village of Chester, 57 AD3d at 720; see Campbell v City of Elmira, 84 NY2d 505, 510 [1994]; Saarinen v Kerr, 84 NY2d at 494; Daly v County of Westchester, 63 AD3d at 989).
Here, the defendant County of Suffolk, in moving for summary judgment, failed to establish, prima facie, that its police officers did not act in reckless disregard for the safety of others in commencing, conducting, or failing to terminate a high-speed, night-time pursuit of a vehicle driven by an individual suspected of failing to signal before turning and unlawfully firing a paintball gun at persons or property, during which the subject accident occurred (see Ferrara v Village of Chester, 57 AD3d at 720; Rockhead v Troche, 17 AD3d 118, 119 [2005]; cf. Saarinen v Kerr, 84 NY2d at 497-503; Nurse v City of New York, 56 AD3d 442, 443 [2008]). The County’s submissions failed to eliminate triable issues of fact as to whether the pursuing officers properly informed the supervising field officer that the suspect was *1288 speeding on a residential road with the vehicle’s external lamps turned off, and that he was continually disobeying traffic control devices. Had the supervising officer been properly informed, he could have made an informed decision regarding whether the pursuit should be discontinued. Moreover, there are triable issues of fact as to whether the pursuing officers should have terminated the pursuit in light of the facts that the pursuit was conducted at high speeds, up to 90 miles per hour, on residential and commercial streets with speed limits of 35 miles per hour or less, the suspect turned off the vehicle’s external lamps during the pursuit, he disobeyed traffic control devices, and he was thought to have committed relatively minor offenses. Accordingly, the Supreme Court properly denied the County’s motion for summary judgment dismissing the complaint insofar as asserted against it (see Campbell v City of Elmira, 84 NY2d at 510-511; Ferrara v Village of Chester, 57 AD3d at 720; Rockhead v Troche, 17 AJD3d at 119), regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.