■ MAUREEN FOSTER, Individually and as Executrix of SCOTT FOSTER, Deceased, Respondent, v SUFFOLK COUNTY POLICE DEPARTMENT et al., Appellants, and JOHN LICAUSI, Respondent. [26 NYS3d 781]—

In an action, inter alia, to recover damages for negligence and wrongful death, the defendants Suffolk County Police Department and the County of Suffolk appeal from an order of the Supreme Court, Suffolk County (Mayer, J.), dated January 6, 2014, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

On May 8, 2008, at approximately 11:43 a.m., Police Officer Michael Bogliole, after receiving a radio dispatch concerning the attempted sale of allegedly stolen landscaping equipment, responded to the corner of Mt. McKinley Avenue and Granny Road in the Village of Farmingville. Based on the information provided, he considered it a "nonpriority call" and traveled to the location without his lights or sirens on. When he arrived at the scene, he spoke to the man who had reported the incident and to the suspect, the defendant John Licausi. He also obtained a copy of Licausi's identification. As Officer Bogliole investigated the matter, an argument ensued, and Licausi, against Officer Bogliole's orders, got into his car and fled. Officer Bogliole pursued him in his police vehicle, with the lights and sirens on. The pursuit was conducted at high speeds through a residential neighborhood. Ultimately, Licausi, with Officer Bogliole following him, drove through a steady red light at the intersection of Old Medford Avenue and Horseblock Road and collided with a car driven by Scott Foster. Foster died as a result of the injuries he sustained in the accident.

Thereafter, Foster's wife, individually and as executrix of the

estate, commenced this action against the Suffolk County Police Department and the County of Suffolk (hereinafter together the County defendants), as well as against Licausi, seeking damages based on alleged recklessness and negligence. The County defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and also for summary judgment dismissing a cross claim asserted against them by Licausi. The Supreme Court denied the County defendants' motion. The County defendants appeal, and we affirm.

" 'The manner in which a police officer operated his or her vehicle in responding to an emergency may form the basis of civil liability to an injured third party if the officer acted in reckless disregard for the safety of others' " (*Quintana v Wallace*, 95 AD3d 1287, 1287 [2012], quoting *Ferrara v Village of Chester*, 57 AD3d 719, 720 [2008]; *see* Vehicle and Traffic Law § 1104 [e]; *Criscione v City of New York*, 97 NY2d 152, 156 [2001]; *Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *Daly v County of Westchester*, 63 AD3d 988, 989 [2009]). " 'The "reckless disregard" standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' " (*Quintana v Wallace*, 95 AD3d at 1287, quoting *Ferrara v Village of Chester*, 57 AD3d at 720; *see Campbell v City of Elmira*, 84 NY2d 505, 510 [1994]; *Saarinen v Kerr*, 84 NY2d at 494; *Daly v County of Westchester*, 63 AD3d at 989).

In this case, the County defendants, in moving for summary judgment, failed to establish, prima facie, that Officer Bogliole did not act in reckless disregard for the safety of others in commencing, conducting, or failing to terminate the high-speed pursuit of Licausi's vehicle (*see Quintana v Wallace*, 95 AD3d 1287 [2012]; *Ferrara v Village of Chester*, 57 AD3d 719 [2008]; *Rockhead v Troche*, 17 AD3d 118, 119 [2005]; *cf. Saarinen v Kerr*, 84 NY2d at 497-503). Among other things, there are triable issues of fact as to what occurred just moments before the accident and as to whether Officer Bogliole pursued Licausi in a manner that prevented him from stopping for fear of a collision with Officer Bogliole's police vehicle. Furthermore, considering the testimony indicating that the pursuit was conducted at high speeds in a residential neighborhood, that Licausi disobeyed several traffic control devices, and that collisions with other cars at earlier intersections were narrowly avoided, there are triable issues of fact as to whether Officer Bogliole should have terminated the pursuit. Accordingly, the

Supreme Court properly denied the County defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them (*see Quintana v Wallace*, 95 AD3d 1287 [2012]; *Ferrara v Village of Chester*, 57 AD3d 719 [2008]; *Rockhead v Troche*, 17 AD3d at 119), regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Finally, as the Supreme Court properly found, the argument of the County defendants that they are entitled to immunity outside of the qualified immunity granted by Vehicle and Traffic Law § 1104, an argument which has been raised and rejected in factually similar cases, is without merit (*see Quintana v Wallace*, 95 AD3d 1287 [2012]; *Ferrara v Village of Chester*, 57 AD3d 719 [2008]; *see generally Smelts v Meloni*, 5 Misc 3d 773, 778-779 [Sup Ct, Monroe County 2004]).

The County defendants' remaining contentions are without merit. Mastro, J.P., Dillon, Miller and Barros, JJ., concur.