■ TANIA RIOS, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [42 NYS3d 54]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated May 8, 2015, which granted the motion of the defendants City of New York, New York City Police Department, and David Stein for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants City of New York, New York City Police Department, and David Stein for summary judgment dismissing the complaint insofar as asserted against them is denied.

On March 13, 2011, at approximately 5:00 a.m., a motor vehicle accident occurred at the intersection of Smith Street and Livingston Street, in Brooklyn, between a police car operated by the defendant David Stein, in his capacity as a police officer for the defendant New York City Police Department, and a vehicle in which the plaintiff was a passenger. At the time of the accident, David Stein was responding to a call of a fellow officer requesting assistance. Thereafter, the plaintiff commenced the instant action to recover damages for personal injuries against, among others, the defendants City of New York, New York City Police Department, and David Stein (hereinafter collectively the City defendants), alleging negligence and recklessness. The City defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court granted the motion.

The manner in which a police officer operates his or her vehicle in responding to an emergency may form the basis of civil liability to an injured third party if the officer acted in reckless disregard for the safety of others (*see Quintana v Wallace*, 95 AD3d 1287 [2012]; *Ferrara v Village of Chester*, 57 AD3d 719, 720 [2008]; Vehicle and Traffic Law § 1104 [e]). The reckless disregard standard requires proof that the officer

intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow (*see Quintana v Wallace*, 95 AD3d at 1287; *Ferrara v Village of Chester*, 57 AD3d at 720). Here, the City defendants failed to establish, prima facie, that Stein did not act in reckless disregard for the safety of others in proceeding into the intersection where the subject accident occurred (*see Quintana v Wallace*, 95 AD3d at 1287-1288; *Ferrara v Village of Chester*, 57 AD3d at 720; *cf. Saarinen v Kerr*, 84 NY2d 494, 503-504 [1994]; *Nurse v City of New York*, 56 AD3d 442, 443 [2008]). Since the City defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]).

The plaintiff's remaining contention need not be reached in light of our determination. Chambers, J.P., Dickerson, Duffy and Connolly, JJ., concur.