Cordero v Nunez (2020 NY Slip Op 00100)





Cordero v Nunez


2020 NY Slip Op 00100


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-13367
2019-09035
 (Index No. 30031/16)

[*1]Teresa Cordero, respondent, 
v
Jose Nunez, et al., appellants.


Alan B. Brill, P.C., New City, NY (Charis G. Moore and Ellen D. Lazarus of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated October 13, 2017, and (2) an order of the same court dated March 8, 2018. The order dated October 13, 2017, denied the defendants' motion for summary judgment dismissing the complaint. The order dated March 8, 2018, insofar as appealed from, in effect, upon reargument, adhered to the prior determination in the order dated October 13, 2017.
ORDERED that the appeal from the order dated October 13, 2017, is dismissed, without costs or disbursements, as that order was superseded by the order dated March 8, 2018, in effect, made upon reargument; and it is further,
ORDERED that the order dated March 8, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when the vehicle that she was operating came into contact with a marked Sheriff's vehicle operated by the defendant Jose Nunez, a patrol officer with the Rockland County Sheriff's Department. The defendants subsequently moved for summary judgment dismissing the complaint, arguing that they could not be held liable because Nunez was engaged in an emergency operation when the accident occurred and he did not operate his vehicle in reckless disregard for the safety of others. In an order dated October 13, 2017, the Supreme Court denied the defendants' motion. The defendants subsequently moved for leave to reargue their prior motion. In an order dated March 8, 2018, the court, in effect, granted reargument and, upon reargument, adhered to its prior determination. The defendants appeal.
"The manner in which a police officer operates his or her vehicle in responding to an emergency may form the basis of civil liability to an injured third party if the officer acted in reckless disregard for the safety of others" (Rios v City of New York, 144 AD3d 1011, 1011; see Vehicle and Traffic Law § 1104[e]; Criscione v City of New York, 97 NY2d 152, 156; Saarinen v Kerr, 84 NY2d 494, 501). "The reckless disregard standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (Rios v City of New York, 144 AD3d at 1011-1012; [*2]see Campbell v City of Elmira, 84 NY2d 505, 510; Saarinen v Kerr, 84 NY2d at 501).
Here, the defendants failed to establish, prima facie, that Nunez did not act in reckless disregard for the safety of others in the operation of his vehicle (see Rios v City of New York, 144 AD3d at 1012; Quintana v Wallace, 95 AD3d 1287, 1287-1288; Ferrara v Village of Chester, 57 AD3d 719, 720). The defendants' failure to establish their prima facie entitlement to judgment as a matter of law requires a denial of their motion for summary judgment, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852).
Accordingly, we agree with the Supreme Court's determination, in effect, upon reargument, to adhere to its prior determination denying the defendants' motion for summary judgment.
In light of the foregoing, we need not reach the defendants' remaining contention.
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court