Calixto v City of New York (2020 NY Slip Op 03640)





Calixto v City of New York


2020 NY Slip Op 03640


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-03318
 (Index No. 705076/15)

[*1]Luis Calixto, appellant, 
v
City of New York, et al., respondents.


Ogen & Sedaghati, P.C., New York, NY (Eitan Alexander Ogen of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Julie Steiner of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered December 4, 2018. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants City of New York and Girolamo Coladonato.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants City of New York and Girolamo Coladonato are denied.
The plaintiff commenced this action against the defendants City of New York and Girolamo Coladonato (hereinafter the defendant driver), among others, to recover damages for personal injuries that he allegedly sustained when the vehicle that he was operating came into contact with the defendants' unmarked police vehicle at the intersection of 35th Avenue and 77th Street in Queens. The plaintiff was traveling on 35th Avenue in a westerly direction with the traffic light in his favor. The defendants' vehicle was traveling on 77th Street in a northerly direction against a red traffic light, responding to a radio call for assistance. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the defendant driver did not act in reckless disregard for the safety of others. The Supreme Court granted the defendants' motion. The plaintiff appeals from so much of the order as granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the City and the defendant driver on the basis that the defendant driver did not act in reckless disregard for the safety of others.
"The manner in which a police officer operates his or her vehicle in responding to an emergency may form the basis of civil liability to an injured third party if the officer acted in reckless disregard for the safety of others" (Rios v City of New York, 144 AD3d 1011; see Vehicle and Traffic Law § 1104[e]; Criscione v City of New York, 97 NY2d 152, 156; Saarinen v Kerr, 84 NY2d 494, 501). "The reckless disregard standard requires proof that the officer intentionally committed an act [*2]of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (Rios v City of New York, 144 AD3d at 1011-1012; see Campbell v City of Elmira, 84 NY2d 505, 510; Saarinen v Kerr, 84 NY2d at 501).
Here, the defendants failed to establish, prima facie, that the defendant driver did not act in reckless disregard for the safety of others in the operation of his vehicle (see Campbell v City of Elmira, 84 NY2d 505; Rios v City of New York, 144 AD3d at 1012). Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the City and the defendant driver, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court