S.L. v City of Yonkers (2022 NY Slip Op 05315)

S.L. v City of Yonkers

2022 NY Slip Op 05315

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2019-04172
 (Index No. 67549/16)

[*1]S.L., etc., et al., respondents, 
v
City of Yonkers, et al., appellants, et al., defendants.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Hillary R. Raimondi and J. Patrick Carley III of counsel), for appellants.
Burns & Harris, New York, NY (Jason S. Steinberg and Pollack, Pollack, Isaac & DeCicco [Brian J. Isaac], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants City of Yonkers, Yonkers Police Department, Rocco Merranti, and Joseph DiBennedetto appeal from an order of the Supreme Court, Westchester County (Helen Blackwood, J.), dated March 22, 2019. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the causes of action alleging negligence, negligent hiring and supervision, negligent entrustment of a dangerous instrument, and loss of services insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendants Rocco Merranti and Joseph DiBennedetto (hereinafter together the defendant police officers), who were police officers employed by the defendant Yonkers Police Department, responded to a radio dispatch informing them that the occupants of a van, who were between the ages of 14 and 17 years old, were attempting to break into a parking meter. When the defendant police officers observed the van and attempted to pull it over, it sped away. The defendant police officers then pursued the van through residential areas. During the pursuit, the driver of the van veered into oncoming traffic and collided with another vehicle, killing the drivers of both vehicles. The infant plaintiff, who was a passenger in the van, was injured in the accident.
The infant plaintiff, by her mother, and her mother individually, commenced this action, inter alia, to recover damages for personal injuries against, among others, the defendant City of Yonkers, the Yonkers Police Department, and the defendant police officers (hereinafter collectively the defendants). The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending that the defendant police officers did not act in reckless disregard for the safety of others when they pursued the van. In an order dated March 22, 2019, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging negligence, negligent hiring and supervision, negligent entrustment of a dangerous instrument, and loss of services insofar as asserted against them. The defendants appeal.
"The manner in which a police officer operates his or her vehicle in responding to an emergency may form the basis of civil liability to an injured third party if the officer acted in reckless [*2]disregard for the safety of others" (Calixto v City of New York, 185 AD3d 543, 544 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1104[e]; Criscione v City of New York, 97 NY2d 152, 156; Saarinen v Kerr, 84 NY2d 494, 501; Foster v Suffolk County Police Dept., 137 AD3d 855, 856; Quintana v Wallace, 95 AD3d 1287, 1287). "The reckless disregard standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (Cordero v Nunez, 179 AD3d 635, 635-636 [internal quotation marks omitted]; see Saarinen v Kerr, 84 NY2d 494; Foster v Suffolk County Police Dept., 137 AD3d at 856).
Here, the defendants met their initial burden of establishing, prima facie, that the defendant police officers did not act with reckless disregard for the safety of others when they pursued the van (see Spalla v Village of Brockport, 295 AD2d 900; Lopez v Town of Gates, 249 AD2d 934). However, in opposition, the plaintiffs raised triable issues of fact (see Spalla v Village of Brockport, 295 AD2d 900; Lopez v Town of Gates, 249 AD2d 934). In light of the evidence demonstrating that the pursuit was conducted at excessive speeds through residential areas, that the van repeatedly disobeyed traffic control devices during the pursuit, and that the defendant police officers were informed that the occupants of the van were minors, the Supreme Court properly concluded that there were triable issues of fact as to whether the defendant police officers conducted the pursuit in a reckless manner or should have terminated the pursuit (see Foster v Suffolk County Police Dept., 137 AD3d at 857; Quintana v Wallace, 95 AD3d 1287; Ferrara v Village of Chester, 57 AD3d 719; Rockhead v Troche, 17 AD3d 118, 119).
The defendants' remaining contentions are without merit.
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court