Kelly v City of Yonkers (2022 NY Slip Op 05314)

Kelly v City of Yonkers

2022 NY Slip Op 05314

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2019-05440
 (Index No. 68582/16)

[*1]Justo Kelly, etc., respondent, 
v
City of Yonkers, et al., appellants, et al., defendants.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Hillary R. Raimondi and J. Patrick Carley III of counsel), for appellants.
The Cochran Firm and Paul B. Weitz & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendants City of Yonkers, City of Yonkers Police Department, Rocco Merrante, and Joseph DiBennedetto appeal from an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), dated April 19, 2019. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the first and second causes of action insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendants Rocco Merrante and Joseph DiBennedetto (hereinafter together the defendant police officers), who were police officers employed by the defendant City of Yonkers Police Department, responded to a radio dispatch informing them that the occupants of a van, who were between the ages of 14 and 17 years old, were attempting to break into a parking meter. When the defendant police officers observed the van and attempted to pull it over, it sped away. The defendant police officers then pursued the van through residential areas. During the pursuit, the driver of the van veered into oncoming traffic and collided with another vehicle. Sharlene Stinson was driving the other vehicle and was killed as a result of the accident.
The plaintiff, as administrator of Stinson's estate, commenced this action, inter alia, to recover damages for wrongful death against, among others, the defendant City of Yonkers, the City of Yonkers Police Department, and the defendant police officers (hereinafter collectively the defendants). The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending that the defendant police officers did not act in reckless disregard for the safety of others when they pursued the van. In an order dated April 19, 2019, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the first and second causes of action, each sounding in negligence, insofar as asserted against them. The defendants appeal.
"The manner in which a police officer operates his or her vehicle in responding to an emergency may form the basis of civil liability to an injured third party if the officer acted in reckless [*2]disregard for the safety of others" (Calixto v City of New York, 185 AD3d 543, 544 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1104[e]; Criscione v City of New York, 97 NY2d 152, 156; Saarinen v Kerr, 84 NY2d 494, 501; Foster v Suffolk County Police Dept., 137 AD3d 855, 856; Quintana v Wallace, 95 AD3d 1287, 1287). "The reckless disregard standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (Cordero v Nunez, 179 AD3d 635, 635-636 [internal quotation marks omitted]; see Saarinen v Kerr, 84 NY2d 494; Foster v Suffolk County Police Dept., 137 AD3d at 856).
Here, the defendants met their initial burden of establishing, prima facie, that the defendant police officers did not act with reckless disregard for the safety of others when pursuing the van (see Spalla v Village of Brockport, 295 AD2d 900; Lopez v Town of Gates, 249 AD2d 934). However, in opposition, the plaintiff raised triable issues of fact (see Spalla v Village of Brockport, 295 AD2d 900; Lopez v Town of Gates, 249 AD2d 934). In light of the evidence demonstrating that the pursuit was conducted at excessive speeds through residential areas, that the van had repeatedly disobeyed traffic control devices during the pursuit, and that the defendant police officers were informed that the occupants of the van were minors, the Supreme Court properly concluded that there were triable issues of fact as to whether the defendant police officers conducted the pursuit in a reckless manner or should have terminated the pursuit (see Foster v Suffolk County Police Dept., 137 AD3d at 857; Quintana v Wallace, 95 AD3d 1287; Ferrara v Village of Chester, 57 AD3d 719; Rockhead v Troche, 17 AD3d 118, 119).
The defendants' remaining contention is without merit.
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court