Village of Briarcliff Manor v Village of Ossining (2025 NY Slip Op 06214)

Village of Briarcliff Manor v Village of Ossining

2025 NY Slip Op 06214

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-10208
 (Index No. 68054/18)

[*1]Village of Briarcliff Manor, appellant,
v
Village of Ossining, et al., respondents, et al., defendant.

Keane & Beane, P.C., Melville, NY (Richard K. Zuckerman and Edward J. Phillips of counsel), for appellant.
Hodges Walsh & Burke, LLP, White Plains, NY (Paul E. Svensson and Michael Burke of counsel), for respondents.

DECISION & ORDER
In an action to recover payments made by the plaintiff to its injured employee pursuant to General Municipal Law § 207-c(6), the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated June 30, 2023. The order granted the motion of the defendants Village of Ossining and Juan Encarnacion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Village of Ossining and Juan Encarnacion for summary judgment dismissing the complaint insofar as asserted against them is denied.
In October 2016, Nicole Corsi, a Village of Briarcliff Manor police officer, allegedly was injured in the line of duty as a result of an accident that occurred when a vehicle operated by the defendant Nathaniel J. Hester crashed into the rear of her patrol vehicle while Hester was being pursued by the defendant Juan Encarnacion, a police officer employed by the defendant Village of Ossining, on Route 9 in the Village of Briarcliff Manor. The plaintiff commenced the instant action against, among others, the Village of Ossining and Encarnacion pursuant to General Municipal Law § 207-c(6) for the reimbursement of all salary, benefits, and expenses paid by the plaintiff to Corsi as a result of injuries she sustained in the line of duty due to the allegedly reckless or negligent conduct of the Village of Ossining and Encarnacion that took place during Encarnacion's pursuit of Hester and Hester's eventual crash into Corsi's vehicle. The Village of Ossining and Encarnacion moved for summary judgment dismissing the complaint insofar as asserted against them. By order dated June 30, 2023, the Supreme Court granted the motion. The plaintiff appeals.
"The manner in which a police officer operates his or her vehicle in responding to an emergency may form the basis of civil liability to an injured third party if the officer acted in reckless disregard for the safety of others" (S.L. v City of Yonkers, 208 AD3d 1321, 1322 [internal quotation marks omitted]). "The reckless disregard standard requires proof that the officer intentionally committed an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (id. at 1322-1323 [internal quotation [*2]marks omitted]; see Saarinen v Kerr, 84 NY2d 494, 501).
Here, the Village of Ossining and Encarnacion failed to eliminate all triable issues of fact as to whether Encarnacion acted with reckless disregard for the safety of others and whether such conduct was a proximate cause of Corsi's injuries (see Kolvenbach v Cunningham, 224 AD3d 826, 828; Miller v Suffolk County Police Dept., 105 AD3d 918, 919-920). In support of their motion, the Village of Ossining and Encarnacion submitted, among other things, transcripts of the deposition testimony of Encarnacion, Hester, and Corsi, who collectively testified that on the day at issue, Encarnacion pursued Hester at high speeds through residential and commercial roads and that Hester struck another vehicle and narrowly avoided striking pedestrians during the chase. Thus, contrary to the determination of the Supreme Court, there are triable issues of fact as to whether Encarnacion acted in reckless disregard for the safety of others in continuing the pursuit of Hester and whether Encarnacion's continuation of the pursuit was a proximate cause of the accident (see Kolvenbach v Cunningham, 224 AD3d at 828; Foster v Suffolk County Police Dept., 137 AD3d 855, 856).
Accordingly, the Supreme Court should have denied the motion of the Village of Ossining and Encarnacion for summary judgment dismissing the complaint insofar as asserted against them without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court